NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| NEELU PAL, | : |
| Plaintiff, | : Civil Action No. 11-6911 (SRC) (CLW |
| v. | : |
| JERSEY CITY MEDICAL CENTER, et al., | : OPINION AND ORDER |
| Defendants. | : |

**WALDOR, United States Magistrate Judge**

Currently before this Court is a motion by Plaintiff Neelu Pal ("Plaintiff") for leave to file a second amended complaint to add causes of action: (1) for violation of and conspiracy to violate due process rights pursuant to 42 U.S.C. § 1983 (Counts I, II and IV); and (2) for retaliation pursuant to 42 U.S.C. § 1981 (Count VI). (Dkt. No. 72, Second Motion to Amend" at proposed Second Amended Complaint ("SAC")). Having considered the parties' submissions and for the reasons set forth below, Plaintiff's Second Motion to Amend is hereby **DENIED**.

I. **PROCEDURAL HISTORY AND BACKGROUND**

Plaintiff commenced this action on or about November 23, 2011. (Dkt. No. 1). After her counsel withdrew, Plaintiff, then *pro se*, filed two motions for leave to amend her complaint (*see* Dkt. Nos. 16 and 22), which were ultimately voluntarily withdrawn by Plaintiff, through new counsel. (Dkt. No. 40). On or about July 5, 2012, through new counsel, Plaintiff filed a motion

for leave to file an amended complaint to clarify and add new claims. (Dkt. No. 41, "First Motion to Amend"). By Opinion and Order dated November 20, 2012, the Honorable Stanley R. Chesler granted in part and denied in part Plaintiff's First Motion to Amend. (Dkt. No. 59, "Order on First Motion to Amend"). Specifically, in denying the part of Plaintiff's First Motion to Amend seeking to add claims for a violation of and conspiracy to violate procedural and substantive due process pursuant to 42 U.S.C. § 1983, Judge Chesler held that Plaintiff failed to demonstrate a constitutional right or property interest in a letter of recommendation. (Order on First Motion to Amend, p. 3).

Subsequently, Plaintiff moved for reconsideration of the Order on First Motion to Amend. (Dkt. No. 60). Judge Chesler denied reconsideration by Opinion and Order dated January 25, 2013. (Dkt. No. 70, "Reconsideration Order"). On February 14, 2013, Plaintiff filed the instant Second Motion to Amend which seeks to revisit Judge Chesler's prior denial of the proposed added claims pursuant to section 1983. By her Motion, Plaintiff again seeks to add claims for a violation of and conspiracy to violate section 1983. However, because Judge Chesler found that Plaintiff does not have a property or liberty right in recommendations warranting due process protections (Order on First Motion to Amend, p. 2-4), Plaintiff now adds an additional fact, namely that Plaintiff had an expectation to receive "***verification*** from UMDNJ of her successful completion of the general surgery residency program in addition to various recommendations . . . ('Expected Recommendations')." (SAC, ¶ 131) (emphasis added).

The Second Motion to Amend also seeks the addition of a retaliation claim against the JCMC Defendants pursuant to section 1981. (SAC, ¶¶ 200-213). Defendants University of Medicine and Dentistry of New Jersey ("UMDNJ"), Peter Scholz ("Dr. Scholz") and Dorian

Wilson ("Dr. Wilson," collectively with Dr. Scholz and UMDNJ, the "UMDNJ Defendants") oppose Plaintiff's Second Motion to Amend. (Dkt. No. 83, "UMDNJ Opp."). Jersey City Medical Center ("JCMC"), Medical-Dental Staff of Jersey City ("Medical Staff") and Dr. Nathanial Holmes ("Dr. Holmes," collectively with JCMC and Medical Staff, the "JCMC Defendants") also oppose the Motion. (Dkt. No. 81, "JCMC Opp.").

## II.  LEGAL STANDARD

FED. R. CIV. P. 15(a)(2) allows a party to amend its pleading by leave of court when justice so requires. FED. R. CIV. P. 15(a)(2). Leave to amend pleadings is to be freely given. FED. R. CIV. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision to grant leave to amend rests within the discretion of the court. *Foman*, 371 U.S. at 182. Pursuant to *Foman*, leave to amend may be denied on the basis of: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice to the opposing party; and (4) futility of amendment. *Id.* "Only when these factors suggest that amendment would be 'unjust' should the court deny leave." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 203 (3d Cir. 2006) (internal citations omitted).

Here, Defendants oppose Plaintiff's Second Motion to Amend on the basis of futility of the proposed amendments. (JCMC Opp., p. 4-5; UMDNJ Opp.). An amendment is considered futile "when 'the complaint, as amended, would fail to state a claim upon which relief could be granted.'" *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)); *see also Harrison Beverage Co. v. Dribeck Imps., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (reasoning that an amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face" (citations and footnotes omitted)). As such, "[i]n assessing futility, the district court

applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Burlington*, 114 F.3d at 1434 (citing *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996) (further citation omitted)). Thus, courts may properly deny a motion to amend when the amendment would not withstand a motion to dismiss. *Massarsky v. General Motors Corp.*, 706 F.2d 111, 125 (3d Cir. 1983). Under this standard, the question before the Court is whether the complaint sets forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court must accept all factual allegations as true "as well as the reasonable inferences that can be drawn from them." *Brown v. Philip Morris, Inc.*, 250 F.3d 789, 796 (3d Cir. 2001).

### III. ANALYSIS

*(A) Section 1983 Claims*

In denying Plaintiff's proposed amendments to the complaint for claims under section 1983, Judge Chesler held that Plaintiff failed to show a property right recognized by law in recommendations to be afforded due process protections for deprivations of that right. (Order on First Motion to Amend; *see also* Reconsideration Order). On reconsideration, Plaintiff argued that verification of successful completion of her residency program, as opposed to recommendations, warranted due process protections. (Reconsideration Order). Judge Chesler denied reconsideration noting that the proposed first amended complaint "rel[ies] on the allegation that Defendants did not provide 'recommendations.'" *Id.*

Here, Plaintiff makes the same argument which was denied in the Reconsideration Order, but with a minor modification to the proposed SAC. The paragraph in the SAC relating to recommendations is remedied to include that Plaintiff expected to receive "***verification*** from

UMDMJ of her successful completion of the general surgery residency program" as well as "various recommendations from UMDMJ . . . both of which would be necessary for future employment ('Expected Recommendations')." (Second Motion to Amend, p. 4; *see also* SAC, ¶ 131) (emphasis added). The distinction that Plaintiff attempts to make in the instant Motion (and which was already argued on reconsideration) is that she is entitled to **verification** of the successful completion of her residency program and that both the verification and the recommendations are necessary for future employment. (Second Motion to Amend, p. 4-5).

The addition of the proposed section 1983 claims stems from an alleged conversation between Dr. Wilson of UMDNJ (where Plaintiff successfully completed her general surgery residency) and Dr. Holmes of JCMC in which, as a result, Dr. Holmes purportedly testified that "he was no longer sure if Plaintiff had successfully completed her general surgery residency at UMDNJ." (SAC, ¶¶ 102-103).[1] Therefore, the narrow issue presented in the instant Second Motion to Amend is whether Plaintiff has a legitimate claim of entitlement to the verification of her successful completion of a residency program such that she must be afforded due process protections for any deprivations of those rights. (Order on First Motion to Amend, p. 2-3).

To state a claim under section 1983, a plaintiff must allege: "(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Robb v. City of Phila.*, 733 F.2d 286, 290-1 (3d Cir. 1984). Thus, for Plaintiff's section 1983 claim to survive a futility challenge, the verification of completion of her residency program must be encompassed in the Fourteenth Amendment's protections of life,

---

[1] The JCMC Defendants dispute that Dr. Holmes testified that Dr. Wilson made comments about whether Plaintiff had successfully completed her residency program at UMDNJ. (*See* JCMC Opp., p 10).

liberty and property, i.e., the verification must be deemed a property or liberty interest (*id.* at 292) such that Plaintiff has a legitimate claim of entitlement in the verification. (Order on First Motion to Amend, p. 2). "[S]uch a property interest exists if state law holds that a person has a legitimate claim of entitlement" to the verification of completion of a residency program. *Id.*

Plaintiff argues that an "educational credential, such as the completion of a residency program, is a property right."[2] (Second Motion to Amend, p. 5). Notably, however, Plaintiff does not cite any New Jersey law that establishes a legitimate claim of entitlement to a verification or support that the verification of her completion of her residency is a cognizable property right. *Id*; *see also* Order on First Motion to Amend, p. 3. Thus, the instant Second Motion to Amend fails much like the first as Plaintiff has not shown a right recognized by state law. Accordingly, Plaintiff's Second Motion to Amend her complaint to add section 1983 claims suffers the same fate as the First Motion to Amend – it is denied.

(B) *Section 1981 Claims*

Plaintiff also seeks to add a claim for retaliation under 42 U.S.C. § 1981. (SAC, ¶¶ 200-213 (Count VI); ¶¶ 265-299). In Count VI of the proposed SAC, Plaintiff expressly asserts claims of discrimination on the basis of "gender and national origin." *Id.*, ¶ 203; *see also* ¶¶ 267-269. "In order to state a claim for retaliation under § 1981, the 'protected activity' must relate to discrimination prohibited by § 1981, not just under any statute." *Doe v. Sizewise Rentals, LLC*, 2012 WL 1191944, at *5 (D.N.J. April 10, 2012) *citing CBOCS West, Inc. v. Humphries*, 553 U.S. 442, 451-52, 128 S.Ct. 1951 (2008) ("[T]o be actionable under § 1981, the retaliation must have been in response to the claimant's assertion of rights that were protected by § 1981"). "Section 1981 does not prohibit discrimination on the basis of religion, sex, or national origin."

---

[2] For that reason, an assessment of the verification of Plaintiff's completion of her residency program as a liberty interest is not addressed herein.

-6-

*Doe*, 2012 WL 1191944, at *5 (emphasis added); *see also Andrews v. Home Depot, Inc.*, 2010 WL 338063, at *2 (D.N.J. Jan. 26, 2010) (dismissing a 1981 claim based on national origin). Therefore, Plaintiff's proposed claim for retaliation on the basis of gender and national origin is not cognizable under section 1981 and would not survive a motion to dismiss; thus, the amendment is denied.

Finally, the UMDNJ Defendants also take issue with Count XI in the SAC, specifically Plaintiff's claims under CEPA and Title VII against the UMDNJ Defendants. (UMDNJ Opp., p. 6-7). The Court notes that these claims were alleged in the First Amended Complaint (Dkt. No. 41, Count X) and survived the UMDNJ Defendants' challenge to the First Motion to Amend. (Order on First Motion to Amend, p. 1, 5). Thus, regardless of the viability of these claims, they are not before the Court on the instant Second Motion to Amend.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Second Motion to Amend her complaint is hereby **DENIED**. The Clerk of the Court is directed to terminate Docket No. 72.

**SO ORDERED.**

s/ Cathy L. Waldor
**CATHY L. WALDOR**
**UNITED STATES MAGISTRATE JUDGE**

**DATED: May 14, 2013**