NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| NEELU PAL, M.D., | : | |
| Plaintiff, | : | Civil Action No.<br>2:11-cv-06911-SRC-CLW |
| v. | : | |
| UNIVERSITY OF MEDICINE AND<br>DENTISTRY OF NEW JERSEY, et al. | : | **OPINION AND ORDER** |
| Defendants. | : | |

**WALDOR, United States Magistrate Judge**

Currently before the Court is Defendants' University of Medicine and Dentistry of New Jersey ("UMDNJ"), Peter Sholz, M.D. ("Sholz") and Dorian Wilson, M.D. ("Wilson," and collectively with UMDNJ and Sholz, the "UMDNJ Defendants") Motion to Unseal ECF Document Number 91 and Exhibits 1 and 2 thereto (collectively, "Document 91"). (Dkt. No. 97, "Motion to Unseal"). Document 91 was filed as sealed by counsel for Plaintiff Neelu Pal ("Plaintiff" or "Pal") in connection with his Motion to Withdraw as Attorney for Pal and for Attorneys' Fees. (Dkt. No. 90, "Motion to Withdraw and for Fees"; Dkt. No. 91). The Motion to Unseal is unopposed by Plaintiff, now *pro se*, or Plaintiff's former counsel. (See Dkt.). However, for the reasons set forth herein, the Motion to Unseal is DENIED and Document 91 is ordered sealed in accordance with the findings below.

I. BACKGROUND

Plaintiff commenced this action against the UMDNJ Defendants and other defendants on or about November 1, 2011. (Dkt. No. 1). In relevant part, on May 22, 2013, Plaintiff's counsel,

Jacob L. Hafter, Esq., filed the Motion to Withdraw as Attorney for Plaintiff and sought attorneys' fees in accordance with their fee agreement.  (Motion to Withdraw and for Fees).  In support of that Motion to Withdraw and for Fees, Mr. Hafter ("Plaintiff's Former Counsel" or "Attorney Hafter") filed Document 91 under seal on the same day.  (See Dkt. No. 91).  Document 91 comprises of: (1) an Amended and Restated Representation Agreement dated November 2, 2012; and (2) a May 20, 2013 email chain communication between Plaintiff and Attorney Hafter with an attached Summary of Time Spent.  Id.; see also Motion to Withdraw and for Fees, at Brief in Support, p. 4, Hafter Certification, ¶¶ 2, 3, 14-18, 46; Motion to Unseal, Brief, p. 4, 6.  However, Attorney Hafter never filed a motion to seal Document 91.  By Order dated June 17, 2013, this Court granted the Motion to Withdraw, but denied the aspect of the Motion seeking attorneys' fees without prejudice.  (See Dkt. 96).

The UMDNJ Defendants make the instant Motion to Unseal seeking an Order removing the confidential designation from Document 91, making Document 91 publicly accessible.  (Motion to Unseal).

## II. DISCUSSION

In support of their Motion to Unseal Document 91, the UMDNJ Defendants argue that Document 91 should be made public for the following reasons: (1) neither Plaintiff nor her Former Counsel moved to seal Document 91 either prior to, simultaneously with or after filing the Motion to Withdraw; (2) Document 91 should be a publicly accessible judicial record under Local Civil Rule 5.3 because it was filed with the Court; and (3) any privilege regarding Document 91 was waived when it was disclosed to the Court upon filing on the Court's electronic filing system ("ECF").  (Motion to Unseal).

The UMDNJ Defendants' first argument in support of their Motion to Unseal is that because Document 91 was filed without a prior order permitting sealing or filed simultaneously with a motion to seal, the Court should remove the confidential designation and make Document 91 publicly available.  (Motion to Unseal, Brief, p. 4, 6).  However, even in the absence of a formal motion to seal, a court may <u>sua sponte</u> order that documents remain under seal based on the factors set out in L.Civ.R. 5.3(c)(2).  See <u>Bracco Diagnostics, Inc. v. Amersham Health Inc.</u>, 2007 WL 2085350, at *5 (D.N.J. July 18, 2007) (despite that motion to seal failed to adequately address the factors set out in L.Civ.R. 5.3(c)(2), the court ordered that the documents remain under seal, finding <u>sua sponte</u> that there was no less restrictive alternative to protecting the correspondence from public access); <u>see also</u> L.Civ.R. 5.3(c)(6).  Here, it is apparent from the docket that Plaintiff's Former Counsel did not move to seal or address the Local Civil Rule 5.3(c)(2) factors before filing Document 91 as confidential.  However, as addressed below, the factors enumerated in Local Civil Rule 5.3(c)(2) warrant an Order <u>sua sponte</u> sealing Document 91 which contains attorney-client privileged information and communications to prevent them from public access.  L.Civ.R. 5.3(c)(2) and (6).  Accordingly, the Court rejects the UMDNJ Defendant's first argument.

The UMDNJ Defendants' second and third arguments are related.  The UMDNJ Defendants claim that Document 91 is a publicly accessible judicial record under Local Civil Rule 5.3 because it was filed with the Court via ECF without a protective order and without Plaintiff taking affirmative steps to maintain the confidentiality of Document 91 and that any privilege surrounding the Document was waived because of the ECF filing.  (Motion to Unseal, p. 7-11).  The Third Circuit has a tradition of recognizing a common law right of public access to

judicial proceedings and records. See United States v. Crisden, 648 F.2d 814, 819 (3d Cir. 1981); Leucadia, Inc. v. Applied Extrusion Techs, Inc., 998 F.2d 157, 164 (3d Cir. 1993); In re Cendant Corp., 260 F.3d 183, 192 (3d Cir. 2001). There is a presumptive right of public access to pretrial motions of a non-discovery nature, whether preliminary or dispositive, and the material filed in connection therewith. Leucadia, Inc., 998 F.2d at 164; see also United States v. Martin, 746 F.2d 964, 968 (3d Cir.1984) ("The common law right of access is not limited to evidence, but rather encompasses all judicial records and documents. It includes transcripts, evidence, pleadings, and other materials submitted by litigants").

However, the right of public access is not absolute and must be weighed against "the factors militating against access." Leucadia, Inc., 998 F.2d at 165. Local Civil Rule 5.3(c)(2) sets out these factors: (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interests which warrant the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; and (d) why a less restrictive alternative to the relief sought is not available. L.Civ.R. 5.3(c)(2). Any order or opinion on any motion to seal "shall include findings on the factors set forth in (c)(2) . . . as well as other findings required by law." L.Civ.R. 5.3(c)(5).

With respect to the first factor, the nature of the materials at issue, the instant Motion to Unseal surrounds exhibits to a Motion to Withdraw as Attorney and for Fees, which have little, if any, relationship to the underlying claims in this action, but rather touch upon Plaintiff and her Former Counsel's relationship and agreement as to fees. Accordingly, under the 5.3(c)(2) factors, Document 91 is, by nature, privileged attorney-client communications and information. "Courts have long recognized the attorney-client privilege as one of the few exceptions to the

public's right to every man's evidence." Emmanouil v. Roggio, 2009 WL 691275, *2 (D.N.J. April 7, 2009) (internal quotations omitted) citing Wachtel v. Health Net, Inc., 482 F.3d 225, 230-1 (3d Cir. 2007).   Therefore, the Court finds that these privileged materials at issue are not relevant to the instant case and public access is not appropriate.

Further, there are legitimate private and public interests which warrant that Document 91 remain under seal.  When Plaintiff communicated with her attorney, she believed that her conversations and her attorney's work and strategy were privileged and confidential.  To permit public access to documents protected by the privilege would undermine the public's "interests in the observance of law and administration of justice." See Upjohn Co. v. U.S., 449 U.S. 383, 389, 101 S.Ct. 677, 682 (1981).  Additionally, injury from disclosure is sufficient to rebut the presumption of public access when "the secrecy interests of private litigants" are at stake. Leucadia, Inc., 998 F.2d at 167.  For the public, including the UMDNJ Defendants' attorneys, to have access to the summary of work and time spent by Attorney Hafter's firm on Plaintiff's case would cause injury to Plaintiff by revealing her attorney's strategy and work-product.  See Bracco Diagnostics, Inc., 2007 WL 2085350, at *5.

Moreover, there is no less restrictive alternative. The Court is presented with a choice: remove the seal or keep Document 91 under seal.  Unsealing Document 91 would not serve the policy goal of the public access doctrine. The presumption of public access is in place to "protect the legitimate public interest in filed materials from overly broad and unjustifiable protective orders agreed to the parties for their self-interests." Leucadia Inc., 998 F.2d at 165.  Here, Plaintiff is not insisting that Document 91 remain under seal to shield trade secrets, protect her own competitive advantage, or serve her own interests.  Id.  Although making available to the

public documents on which courts base their decisions is necessary to promote a just and competent judicial system, the attorney-client privilege is just as vital to the system. Plaintiff is entitled to the assurance that her privileged communications with her attorney and her attorney's summary of work on her case will remain privileged and confidential.

Finally, as to the UMDNJ Defendants' argument that the privilege was waived when Attorney Hafter filed Document 91 of ECF in connection with his Motion to Withdraw and for Fees, it is clear that only the client, that is Plaintiff, can waive the privilege. See Emmanouil, 2009 WL 961275, at *2 citing Haines v. Liggett Group, Inc., 975 F.2d 81, 90 (N.J. 1992). Thus, the Court finds that Document 91 contains attorney-client privileged communications and information that shall remain under seal at this time. The Court finds that there is an adequate showing under L.Civ.R. 5.3 to rebut the presumption of public access, and therefore Defendants' Motion to Unseal Document 91 is DENIED.

The Court is mindful that disclosure of information regarding Plaintiff's attorneys' fees may be at issue later in the case and therefore, the Court will address proper disclosure of non-privileged material relating to attorneys' fees at the appropriate time.

### III. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the UMDNJ Defendants' Motion to Unseal Document 91 is DENIED;

it is further Ordered, that Document 91 is sealed and is to remain sealed; and

it is further Ordered, that counsel for the UMDNJ Defendants is to serve a copy of this Opinion and Order on both Plaintiff Neelu Pal and Attorney Hafter by both certified mail and email within seven (7) days of the date below.

The Clerk is directed to seal Document 91 and to terminate Document 97.

**SO ORDERED.**

s/ Cathy L. Waldor
**CATHY L. WALDOR**
**UNITED STATES MAGISTRATE JUDGE**

**DATED: August 29, 2013**

-7-